UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CENTAUR MANAGEMENT CO. LLC | : | |
| formerly known as ARGENT | : | |
| MANAGEMENT CO. LLC | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff | : | |
| | : | JURY TRIAL DEMANDED |
| VS. | : | |
| | : | |
| | : | |
| ACCESS INTERNATIONAL ADVISORS | : | |
| LIMITED | : | NOVEMBER 20, 2009 |
| | : | |
| Defendant | : | |

## COMPLAINT

Plaintiff Centaur Management Co. LLC, formerly known as Argent Management Co. LLC, by its attorneys, Carmody & Torrance LLP, for its Complaint, alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action arising under, *inter alia*, the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.     The jurisdiction of this Court is predicated on 28 U.S.C. § 1332(a)(1) in that plaintiff and defendant are citizens of different states and the amount in

controversy, exclusive of interest and costs, exceeds the sum of $75,000.

      3.      The jurisdiction of this Court is also predicated on 28 U.S.C. §1331 in that this action arises under the laws of the United States including, *inter alia*, §29(b) of the Securities Exchange Act of 1934 (the "Exchange Act").

      4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that plaintiff resides in this judicial district.

**PARTIES**

      5.      At all times mentioned herein, plaintiff was and is a Limited Liability Company organized and existing under the laws of the State of Delaware, with its principal place of business at 500 West Putnam Avenue, Greenwich, CT. Plaintiff was formerly known as Argent Management Co. LLC.

      6.      As of the date of the filing of the Summons and Complaint in this action, plaintiff's members were and are natural persons who are citizens of the States of Connecticut, New York and New Jersey; a corporation formed under the laws of the State of New York with its principal place of business in Connecticut; and a limited liability company formed under the laws of the State of Delaware with its principal place of business in Connecticut, and whose members are a natural person who is a citizen of the State of New York, and a trust formed under the laws of the State of

2

New York with assets in New York and Connecticut.

7.    Specifically, plaintiff's above members who are natural persons and citizens of the State of Connecticut are Scott Dillinger, Joseph Castro, Frank Bianco, Thomas McClusker and James Conforti.   Plaintiff's above members who are natural persons and citizens of the State of New York are Brian Baine, John Gordon, Mark Plimpton, Ronald Fertig, Jay Glassman, Belen Moreno, Andrew Stone, Deborah Lindstrom, and Jeffrey Laverty.   Plaintiff's above member who is a natural person and a citizen of the State of New Jersey is Saul Schwartzman.   Plaintiff's above member which is a corporation formed under the laws of the State of New York having a principal place of business in the State of Connecticut is Responsive Securities Analysis Services Inc.   Plaintiff's above member which is a   limited liability company formed under the laws of the State of Delaware with its principal place of business in Connecticut is DRDBM LLC.  DRDBM LLC's members are a natural person, D. Bruce McMahan, who is a citizen of the State of New York, and D. Bruce McMahan Trust, a trust formed under the laws of the State of New York with assets in New York and Connecticut.

8.    As of the date of the filing of the Summons and Complaint in this action, defendant is a corporation formed under the laws of the Bahamas with its

3

principal place of business in the Bahamas.

## FACTUAL BACKGROUND

9.    Plaintiff is in the business of managing, *inter alia*, investment funds and as such is a registered investment adviser with the United States Securities and Exchange Commission ("SEC").

10.    Defendant is a foreign entity operating within the United States that effects, induces and attempts to induce securities transactions with investors in order to raise capital. As such, defendant is required to register with the SEC as a broker-dealer. Upon information and belief, defendant has failed to so register as a broker-dealer with the SEC.

11.    On or about August 21, 2001, plaintiff and defendant entered into a written agreement entitled "Sourcing Agreement" (the "Agreement"). Pursuant to the Agreement, defendant was to earn fees payable by plaintiff, *inter alia*, based upon defendant successfully directing investors to investment funds managed by plaintiff ("Fees").

12.    Plaintiff performed all its obligations under the Agreement.

13.    In or about December, 2008, defendant requested from plaintiff Fees in the amount of $1,190,678 which defendant claimed were owed under the Agreement

4

for the year 2007. In response thereto, plaintiff tendered payment to defendant of the sum requested.

14.     Defendant wrongfully rejected plaintiff's tender. Defendant directed instead that plaintiff pay the sum allegedly owing variously to a Luxembourg corporation, attorneys located in Luxembourg and to an employee's personal bank account located in Europe.

## FIRST CLAIM
(Declaratory Judgment)

15.     Plaintiff repeats the allegations contained in paragraphs "1" through "14" herein.

16.     Defendant's wrongful rejection of plaintiff's tender constitutes a breach of the Agreement thereby relieving plaintiff of its obligations under the Agreement.

17.     Defendant was required to register as a broker-dealer with the SEC. Upon information and belief, defendant was never so registered and the Agreement therefore was illegal under the Exchange Act in that it concerned prohibited transactions.

18.     The Agreement is void under the Exchange Act by reason of defendant's failure to register as a broker-dealer.

19.     Plaintiff is entitled to protection under applicable law from such illegal

5

and void transactions.

20.     Plaintiff therefore contends that it is not liable under the Agreement or otherwise for the $1,190,678 which defendant claims are owed under the Agreement for the year 2007 and, further, that plaintiff is not liable for any amounts which defendant claims are owed under the Agreement in the future.

21.     Defendant contends that plaintiff has breached the Agreement by not paying the Fees and further contends that plaintiff will continue to be liable under the Agreement in the future.

22.     A justifiable controversy exists between the parties concerning their respective rights, duties, and obligations.

23.     Plaintiff has no adequate remedy at law.

24.     Plaintiff is entitled to a declaratory judgment adjudging and decreeing that (a) plaintiff is not obligated to defendant for the amount of $1,190,678 allegedly due and owing under the Agreement or otherwise; (b) the Agreement is void; and (c) plaintiff is therefore not liable to defendant under the Agreement now or in the future.

## SECOND CLAIM
(Rescission)

25.     Plaintiff repeats the allegations contained in paragraphs "1" through "14" and "16" through "24" herein.

6

26.     The Agreement is voidable by reason of defendant's failure to register as a broker-dealer.

27.     Plaintiff is entitled to protection under applicable law from such illegal and voidable transactions.

28.     Plaintiff had the right to and therefore rescinded the Agreement.

WHEREFORE, plaintiff demands judgment against defendant as follows:

A.      On the First Claim, for a declaratory judgment adjudging and decreeing that (a) plaintiff is not obligated to defendant for the amount of $1,190,678 allegedly due and owing under the Agreement or otherwise ; (b) the Agreement is void; and (c) plaintiff will therefore not be liable to defendant under the Agreement in the future.

B.      On the Second Claim, for rescission of the Agreement;

C.      For the costs of this action including, without limitation, reasonable attorneys' fees and expenses; and

D.      For such other relief as may be just.

Dated: November 20, 2009                    Respectfully submitted,

                                            PLAINTIFF
                                            CENTAUR MANAGEMENT CO. LLC
                                            f/k/a ARGENT MANAGEMENT CO.
                                            LLC

                          By                _____
                                            Sherwin Yoder (ct26754)
                                            Christopher Rooney (ct04027)
                                            CARMODY & TORRANCE LLP
                                            195 Church Street,
                                            P.O. Box 1950
                                            New Haven, CT 06509-1950
                                            Telephone: (203) 777-5501
                                            Facsimile:  (203) 784-3199
                                            Email:  syoder@carmodylaw.com
                                            Email:  crooney@carmodylaw.com

8